# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| SRIDHAR KISHNORE, | ) |
| Plaintiff, | ) ) ) |
| vs. | ) ) Case No. 4:15cv0424 TCM ) |
| CHESTER MOYER, Field Office Director, U.S. Citizenship & Immigration Services, TERRI ROBINSON, Acting District Director, U.S. Citizenship & Immigration Services, Kansas City, MO., | ) ) ) ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This action is before the Court[1] on the unopposed motion of Chester Moyer and Terri Robinson (collectively referred to as "Defendants") to dismiss due to mootness.

## Background

Sridhar Kishnore (Plaintiff) is a native of India who applied for naturalization with the United States Citizenship and Immigration Services (USCIS) in August 2013. (Compl. ¶ 1.) He interviewed with an USCIS officer in October 2013. (Id.) He passed the English and United States history and government tests, and was informed that a decision could not yet be made on his application. (Compl. Ex. C.) He was further informed that it was "very important" that he notify USCIS of any change of address and attend any scheduled

---

[1]The case is before the undersigned United States Magistrate Judge by written consent of the parties. See 28 U.S.C. § 636(c).

interview. (Id.) If he could not attend an interview, it was "very important" that he notify USCIS in writing "as soon as possible." (Id.)

In December 2013, Plaintiff's attorney[2] wrote USCIS for an update of the status of his naturalization application. (Compl. Ex. D-1.) His attorney wrote again in July 2014.[3] (Compl. Ex. D-2.)

On March 6, 2015, Plaintiff filed this action for a writ of mandamus requesting that the Court compel Defendants to adjudicate his naturalization application. (Compl. at 4.)

Also on March 6, USCIS sent Plaintiff a notice that he was to appear at USCIS Application Support Center on March 23 to have his biometrics and fingerprints taken. (Defs. Mem. Ex. A.[4]) On March 10, Plaintiff was sent a notice to appear on April 21 at USCIS for an interview on his naturalization application. (Defs. Mem. Ex. B.)

By notice dated April 30, Plaintiff was advised that his naturalization application had been denied for failure to prosecute pursuant to 8 C.F.R. § 335.7.[5] (Defs. Mem. Ex. C at 2.)

---

[2]Plaintiff is represented by different counsel in this proceeding.

[3]Plaintiff alleges that his former attorney wrote again in February 2015. A copy of this letter is not attached to the complaint, as Plaintiff alleges; however, its absence is not relevant.

[4]Because Defendants present a factual challenge to this Court's subject matter jurisdiction, the Court may consider matters outside the complaint. See **Herden v. United States**, 726 F.3d 1042, 1046 (8th Cir. 2013) (en banc); **Osborn v. United States**, 918 F.2d 724, 729-30 (8th Cir. 1990).

[5]Section 335.7 provides, in relevant part, as follows:
An applicant for naturalization who has appeared for the examination on his or her application . . . will be considered as failing to prosecute such application if he or she, without good cause being shown, either failed to excuse an absence from a subsequently required appearance, or fails to provide within a reasonable period of time such documents, information, or testimony deemed by USCIS to be necessary

The grounds given include Plaintiff's failure to appear for his April 21 interview and his untimely request submitted that same day via USCIS' website that the interview be rescheduled. (Id.) And, USCIS found the basis for the request to not be reasonable. (Id.) Also, Plaintiff had failed to appear for the biometrics appointment. (Id.) Plaintiff was informed that he could request within thirty days a hearing if he believed a different disposition should have been made. (Id.) There is neither an allegation of nor evidence of Plaintiff doing so.

The three above-described notices were all sent to Plaintiff at an apartment on Corrida Court in Maryland Heights, Missouri. This is the same address listed on the USCIS notice that his naturalization application had been received. (Compl. Ex. A.)

Also attached to the motion to dismiss is an affidavit by Sarah Bowser, a USCIS Immigration Officer, averring that she made a site visit to Plaintiff's residence of record in Maryland Heights on April 29, 2015, and was informed by the tenants of the apartment where Plaintiff allegedly lived that he had not resided there since at least April 2014. (Bowser Decl. ¶ 6.) One tenant informed her that Plaintiff was residing in North Carolina. (Id.) A subsequent database search revealed that Plaintiff was issued a North Carolina identity card or driver's license on February 2014. (Id. ¶ 7.)

---

to establish his or her eligibility for naturalization.

Defendants move to dismiss for lack of subject matter jurisdiction, arguing that Plaintiff has been granted the relief sought – a decision on his naturalization application[6] – and the case is now moot.

**Discussion**

Title 28 U.S.C. § 1361 gives district courts "original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." Plaintiff seeks an order compelling Defendants to perform a duty allegedly owed him, i.e., "to evaluate his application." (Compl. ¶ 10.) See **Irshad v. Johnson**, 754 F.3d 604, 607 (8th Cir. 2014) (declining to reach issue whether federal courts have the authority to order the government to adjudicate USCIS application and noting that district court had decided it did have the authority and had further decided that the complained-of delay was not unreasonable).

It is well-established that this Court "is without power to adjudicate disputes in the absence of a case or controversy." **Ayyoubi v. Holder**, 712 F.3d 387, 391 (8th Cir. 2013) (citing Already, LLC v. Nike, Inc., 133 S.Ct. 721, 726 (2013)). "'A case becomes moot -- and therefore no longer a "Case" or "Controversy" for purposes of Article III – when the issues presented are no longer "live" or the parties lack a legally cognizable interest in the outcome.'" **Id.** (quoting Already, LLC, 133 S.Ct. at 726). See also **Doe v. Nixon**, 716 F.3d

---

[6]Citing 8 U.S.C. § 1421(b)(1)(A), Defendants also note that "the Court's jurisdiction to naturalize applies only to persons residing within the jurisdiction of that particular court." Plaintiff does not dispute that he is now a resident of North Carolina.

1041, 1051 (8th Cir. 2013) ("'[A] federal court has no authority to give opinions upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it.'") (quoting Church of Scientology of Cal. v. United States, 506 U.S. 9, 12 (1992) (alteration in original) (internal quotation marks omitted)).

Plaintiff requests an order directing Defendants to adjudicate his naturalization application. This they have now done, albeit not to the conclusion Plaintiff presumably desires. See **Already, LLC**, 133 S.Ct. at 726 ("[A]n 'actual controversy' must exist not only 'at the time the complaint is filed,' but through 'all stages' of the litigation.") (quoting Alvarez v. Smith, 558 U.S. 87, 92 (2009)). The controversy required by Article III of the Constitution "must be one for which the [C]ourt can grant specific and conclusive relief." **Arkansas AFL-CIO v. FCC**, 11 F.3d 1430, 1435 (8th Cir. 1993). No relief sought by Plaintiff remains to be granted by the Court. This case is moot.[7] See e.g. **Ayyoubi**, 712 F.3d at 390-91 (dismissing as moot appeal from dismissal of action complaining that USCIS illegally withheld adjudication on alien's application for legal permanent residence status; USCIS granted application while appeal was pending).

## **Conclusion**

Plaintiff brought this action seeking an order directing Defendants to adjudicate his naturalization application. They have done so. Accordingly,

---

[7]The Court notes that there is an "exception for claims capable of repetition yet evading review" when subsequent events presumable render a plaintiff's equitable claims moot. See **Randolph v. Rodgers**, 170 F.3d 850, 856 (8th Cir. 1999). This exception is inapplicable in the instant case.

**IT IS HEREBY ORDERED** that Defendants' motion to dismiss is **GRANTED**.
[Doc. 2]

An appropriate Order of Dismissal shall accompany this Memorandum and Order.


/s/ Thomas C. Mummert, III
THOMAS C. MUMMERT, III
UNITED STATES MAGISTRATE JUDGE

Dated this 27th day of May, 2015.